IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| DAVID DAFNEY, #198 771 | * |
| Petitioner, | * |
| v. | *   3:09-CV-433-TMH |
| | (WO) |
| WARDEN J.C. GILES, *et al.*, | * |
| Respondents. | * |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, David Dafney, on May 7, 2009. In this petition, Petitioner challenges his conviction for attempted murder entered against him by the Circuit Court for Macon County, Alabama, on November 5, 1998. On December 15, 1998 the trial court sentenced Petitioner to a term of 99 years imprisonment. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on August 6, 1999 and issued a certificate of judgment on September 21, 1999. By operation of law, Petitioner's conviction became final on October 5, 1999.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's convictions became final in 1999- **after** the effective date of the statute of

_____

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition with the trial court on February 14, 2000.[2] They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. (*Doc. No. 10 at 8-10.*); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001). Upon review of the pleadings filed in this case and applicable case law, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the pertinent period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Petitioner was convicted of attempted murder in the Circuit Court for Macon County, Alabama, on November 5, 1998. On December 15, 1998 the trial court imposed sentence on Petitioner. Petitioner filed a direct appeal. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on August 6, 1999 and overruled his application for rehearing on September 3, 1999. Petitioner did not further appeal his

---

[2]This is the date Petitioner signed his Rule 32 petition. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the state petition] was delivered to prison authorities the day [Dafney] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

conviction and the appellate court issued a certificate of judgment on September 21, 1999. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 1998 attempted murder conviction, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment.[3]  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).  Thus, Petitioner's attempted murder conviction became final on October 5, 1999 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.  (*Doc. No. 10, Exhs. A, B, D-H*.)

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the limitation period ran for 132 days after Petitioner's conviction became final until the filing of a Rule 32 petition in the Circuit Court for Macon

---

[3]Respondents' contention that Petitioner's conviction became final on September 21, 1999, upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment, fails to take into account the fourteen days within which Petitioner could have filed a petition for writ of certiorari.  Upon expiration of the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his conviction became final.

County on February 14, 2000.  The trial court denied the petition on September 21, 2000.  Petitioner did not appeal the denial of his post-conviction petition, and thus, his Rule 32 petition became final 42 days later, on November 2, 2000, after the time for filing an appeal had run. As of the aforementioned date, Petitioner had 233 days of the applicable limitation period remaining within which to file a federal habeas petition.  The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on June 23, 2001. (*Doc No. 10, Exhs. I-J.*)

Petitioner filed his federal habeas petition on May 7, 2009.  Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired more than seven years prior to Petitioner filing the instant § 2254 petition.  In light of the foregoing, it is

ORDERED that on or before **July 28, 2009** Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 7th day of July 2009.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE